COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


ARTHUR LEE LEWIS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2812-98-3         JUDGE WILLIAM H. HODGES
                                       DECEMBER 14, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                    Charles M. Stone, Judge

          Elwood Earl Sanders, Jr., Appellate Defender
          (Public Defender Commission of Virginia, on
          briefs), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General; Robert H.
          Anderson, III, Assistant Attorney General,
          on brief), for appellee.


     Appellant appeals his convictions of robbery and the use of

a firearm in the commission of robbery.  Appellant contends that

the trial court erred in denying his motion to set aside the

verdicts and grant a new trial based on after-discovered

evidence.  For the following reasons, we affirm the trial

court's ruling.

          "Motions for new trials based on
          after-discovered evidence are addressed to
          the sound discretion of the trial judge, are
          not looked upon with favor, are considered
          with special care and caution, and are
          awarded with great reluctance. . . .  The

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

applicant bears the burden to establish that the evidence (1) appears to have been discovered subsequent to trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial."

Hopkins v. Commonwealth, 20 Va. App. 242, 249, 456 S.E.2d 147, 150 (1995) (en banc) (citation omitted).

During appellant's jury trial, the victim, James Coleman, positively identified Robert Poindexter as the gunman who robbed him on January 26, 1998. Coleman also positively identified appellant as being present and assisting Poindexter with the robbery. Coleman expressed no doubt as to the identity of either robber. Appellant denied any involvement in the robbery. The jury found appellant guilty of robbery and the use of a firearm in the commission of a robbery.

After appellant's trial, he filed a motion to set aside the verdicts and requested a new trial based upon after-discovered evidence. Appellant asserted that the day after his trial, Poindexter contacted appellant's attorney and told appellant's attorney that appellant was not with him when he robbed Coleman. Appellant's attorney also proffered evidence that several weeks before appellant's trial, appellant received a note from Poindexter, which stated, "I was going to free you and now I'm going to let you hang."

-

At appellant's sentencing hearing, Poindexter, having been immunized against perjury, testified that he told appellant's attorney that appellant did not commit the robbery because "I won't with him." Poindexter also denied that he had committed the robbery.

The record established that before his trial, appellant knew that Poindexter could tell a different story than he did during the joint trial. However, appellant did not reveal that knowledge to anyone until after his trial. The evidence regarding the note allegedly written by Poindexter to appellant existed before appellant's trial and, thus could have been used during the trial to impeach Poindexter. Therefore, Poindexter's post-trial testimony did not meet the first requirement for granting a new trial based upon after-discovered evidence.

In addition, even absent Poindexter's trial testimony, the jury could have concluded beyond a reasonable doubt that appellant robbed Coleman based upon Coleman's positive identification of appellant as one of the robbers. Therefore, Poindexter's post-trial statements and testimony also did not meet the fourth requirement for granting a new trial based upon after-discovered evidence.

-

Accordingly, the trial court did not err in denying appellant's motion to set aside the verdicts and to grant a new trial based upon after-discovered evidence.

Affirmed.